```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SEREFEX CORPORATION,

                Plaintiff,

vs.                              Case No. 2:08-cv-692-FtM-29DNF

HICKMAN HOLDINGS, LP, CHRESSIAN, LLC, THE D'ANZA FAMILY TRUST, BILTMORE INVESTMENTS, LTD jointly and severally,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Biltmore Investments, LTD's Motion to Dismiss and to Strike Second Amended Complaint or Alternatively for Summary Judgment (Doc. #88) filed on April 26, 2010. Plaintiff filed a Response (Doc. #98) on June 1, 2010. Defendant Biltmore filed a Reply, without leave from the Court, (Doc. #102) on June 11, 2010. Plaintiff filed a Motion to Strike Defendant Biltmore Investments, Ltd.'s Reply Brief. (Doc. #105.) Also before the Court is Defendant Biltmore Investments, Ltd.'s Motion for Sanctions (Doc. #101) filed on June 11, 2010. Plaintiff filed a Response (Doc. #103) on June 21, 2010.

**I.**

The Court will first address plaintiff's Motion to Strike. (Doc. #105.) Local Rule 3.01(c) states that "[n]o party shall file a reply or further memorandum directed to the motion . . . unless the Court grants leave." See M.D. Fla. Local Rule 3.01(c). Since

Defendant Biltmore Investments, Ltd. (Biltmore) did not seek leave from the Court, and plaintiff's motion to strike was timely filed, the Court will grant plaintiff's Motion to Strike Biltmore's Reply. Id.; FED. R. CIV. P. 12(f).

**II.**

Plaintiff Serefex Corporation (plaintiff or Serefex) filed its original complaint against The D'Anza Family Trust, Hickman Holdings, LP, and Chressian, LLC (together the D'Anza Defendants) on September 9, 2008. (Doc. #1.) In a March 22, 2009 Opinion and Order, the Court dismissed the complaint as a shotgun pleading but granted leave for plaintiff to file an amended complaint. (Doc. #22.) Plaintiff then filed a five-count First Amended Complaint adding Biltmore to several of the counts. (Doc. #25.) The Court subsequently issued a February 23, 2010 Opinion and Order (Doc. #78) finding that it had personal jurisdiction over the D'Anza Defendants, that venue was proper, and that plaintiff's breach of contract claim was sufficiently pled. The Court dismissed the rest of plaintiff's claims, but granted leave to file one last amended complaint.

Plaintiff filed a four-count Second Amended Complaint (Complaint). (Doc. #80.) As it applies to Biltmore, plaintiff alleges a violation of § 10(B) of the Exchange Act and Rule 10B-5 (Count II), common law fraud (Count III), and a violation of Florida's Securities and Investor Protection Act, § 517.301 (Count VI). Plaintiff alleges that Walter McGee (McGee), on behalf of

Biltmore, and David D'Anza (D'Anza) on behalf of the D'Anza Defendants, entered into an agreement where Biltmore would act as a "matchmaker" and/or "finder" to locate a buyer for W.P. Hickman Systems, Inc.'s (Hickman Systems) stock. (Id. at ¶ 128.) The agreement between Biltmore and the D'Anza Defendants provided that Biltmore would receive a finder's fee if Biltmore found a purchaser for Hickman Systems stock. (Id. at ¶ 131.) In July 2006, McGee approached plaintiff to purchase the stock. (Id. at ¶ 25.) On October 20, 2007, Serefex and the D'Anza Defendants signed a Stock Exchange Agreement which required the D'Anza Defendants to exchange all of the issued and outstanding shares of capital Hickman Systems stock that they owned in exchange for shares of capital Serefex stock. (Id. at ¶¶ 47-50.)

Plaintiff asserts that there were several financial irregularities with Hickman Systems' accounting which artificially inflated the value of the Hickman Systems stock, thus the D'Anza Defendants paid inadequate consideration to plaintiff for shares of plaintiff's common stock. (Id. at ¶ 1.) Plaintiff asserts that McGee, in his dual role as president of Biltmore and Hickman Systems employee, knew about the accounting irregularities and had a duty to disclose them to plaintiff. (Id. at ¶¶ 34-56.)

Biltmore argues that due to the higher standard of specificity required to plead a securities claim, the Second Amended Complaint should be dismissed for lack of specificity and vagueness. Further, Biltmore argues that plaintiff has blurred the actions of

McGee, who is not a defendant, with Biltmore, who is. Biltmore asserts that any actions McGee took in his capacity for the D'Anza Defendants or as an employee of Hickman Systems is outside the scope of his employment with Biltmore and should not be imputed to Biltmore. (Id. at ¶ 7.) Additionally, Biltmore argues that the Complaint should be dismissed due to "sham allegations and fraud on the Court." (Id. at ¶ 16.) Biltmore asserts that Serefex attached selective excerpts of relevant exhibits to its Complaint and that its president, Brian Dunn, knew all about the financial irregularities prior to signing the stock exchange agreement. (Id. at ¶¶ 17-30.) Finally, Biltmore argues that the Court can consider the documents that are outside the pleadings in a motion to dismiss, but in its discretion may convert the motion into one for summary judgment. (Id. at ¶¶ 33-34.)

At the motion to dismiss stage, the Court may only consider "the complaint in its entirety, . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Plaintiff attached twenty-three (23) exhibits to its Complaint. (See Doc. #80.) Biltmore attached thirteen (13) exhibits to its Motion to Dismiss, some of which it argues are un-redacted versions of plaintiff's exhibits. (See Doc. #88, ¶ 34.) In its Response, plaintiff addresses Biltmore's exhibits and attaches an additional four exhibits. (See Doc. #98, pp. 11-19.)

Treated as a motion to dismiss, the Court finds that the Second Amended Complaint satisfies the pleading requirements imposed for both security claims and non-security claims. If treated as a summary judgment motion, the Court finds that there are disputed material factual issues which preclude summary judgment.

**III.**

Biltmore also filed a Motion for Sanctions (Doc. #101) pursuant to Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927 against Serefex and/or its attorneys Marsalese Law Group PLLC, Michael P. Marsalese, Esq., John A. Schifino, Esq., and Williams Schifino Mangione & Steady, P.A. (collectively plaintiff's counsel). Biltmore asserts that the Complaint is "(i) factually frivolous, (ii) legally groundless, and (iii) brought for the improper purpose of harassment and intimidation designed solely to exploit its superior financial position, rather than the correctness of its factual positions, to force Biltmore and its principle, Walter McGee, into economic submission." (Id. at pp. 1-2.) Plaintiff and its counsel vehemently deny that the Complaint is factually false and unsupported and that the Complaint lacks merit and is frivolous.

The standards for imposing sanctions under the Court's inherent power, under 28 U.S.C. § 1927, and under Rule 11 have been discussed in several Eleventh Circuit cases, including Peer v. Lewis, No. 09-10882, 2010 U.S. App. LEXIS 10296 (11th Cir. May 20,

2010), Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180 (11th Cir. 2006), and Anderson v. Smithfield Foods, Inc., 353 F.3d 912 (11th Cir. 2003). The Court finds defendant has not established that sanctions are warranted in this case.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Serefex's Motion to Strike Defendant Biltmore Investments, Ltd.'s Reply Brief to Plaintiff's Opposition to Motion to Dismiss (Doc. #105) is **GRANTED,** and the Reply will be stricken but shall remain filed for record purposes.

2. Defendant Biltmore Investments, LTD's Motion to Dismiss and to Strike Second Amended Complaint or Alternatively for Summary Judgment (Doc. #88) is **DENIED**.

3. Defendant Biltmore Investments, Ltd.'s Motion for Sanctions (Doc. #101) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of June, 2010.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record